## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**MATTHEW BARKER,**

      **Plaintiff,**

**v.**                                      **CASE NO.  5:14-cv-102-RS-GRJ**

**BAY COUNTY SHERIFF'S OFFICE, et al.,**

      **Defendants.**

_____/

## ORDER

Before me are Defendant Bay County Sheriff's Office's Motion to Dismiss Complaint (Doc. 13), and Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. 14).

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  *Hishon v. King & Spalding*, 467 U.S. 69 (1984).

While considering a motion to dismiss, I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir.

2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

Plaintiff has filed a complaint against Defendant Bay County Sheriff's Office for violation of 18 U.S.C. § 2721.  Doc. 1.  In support of Plaintiff's claim, Plaintiff alleges that in 2013, Defendant Robert Lee Garrison improperly accessed Plaintiff's and Ms. Parcell's, Plaintiff's mother, driver's license information on the Driver and Vehicle Information Database (DAVID).  *Id.*  He further alleges that Defendant Bay County Sheriff's Office violated the DPPA by "[i]ntentionally obtaining, disclosing, or using [his] driver's license information without an authorized purpose . . . ."  *Id.*

The Bay County Sheriff's Office is not a legal entity and, thus, is not subject to suit or liability under 18 U.S.C. § 2721, as Defendant Bay County Sheriff's Office lacks the capacity to be sued under Florida law.  *See Qamar v. Central Intelligence Agency,* No. 5:12-cv-1-RS-EMT, 2013 WL 5526518, (N.D.Fla Oct. 4,2013).  As such, Defendant is not a proper party to this proceeding, and Count I of the Complaint, as to Defendant Bay County Sheriff's Office, is **DISMISSED with prejudice**.

Accordingly, the relief requested in Defendant Bay County Sheriff's Office's Motion to Dismiss Complaint (Doc. 13) is **GRANTED**.  The claim against Defendant Bay County Sheriff's Office is **DISMISSED with prejudice**.

**ORDERED** on July 1, 2014.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**