IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MATTHEW BARKER,

    Plaintiff,

v.                                               CASE NO.  5:14-cv-102-RS-GRJ

BAY COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

_____/

## ORDER

Before me are Defendant McKeithen's Motion to Dismiss First Amended Complaint (Doc. 23), Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. 24), and Plaintiff's First Amended Complaint (Doc. 21).

On August 25, 2014, I granted Defendant McKeithen's Motion to Dismiss Complaint (Doc. 10), and I dismissed without prejudice Count I of Plaintiff's Complaint (Doc. 1) as it relates to Defendant McKeithen only.  In that Order, I dismissed Count I pursuant to our local Rule 7.1 for Plaintiff's failure to file a responsive memorandum in opposition to Defendant's motion to dismiss. In response, on August 28, 2014, Plaintiff filed his First Amended Complaint (Doc. 21), and on September 15, 2014, Defendant McKeithen moved to dismiss. Doc. 23.

Again, Plaintiff failed to file a responsive memorandum with citations of authorities in opposition to Defendant's motion. Doc. 24.  Instead, Plaintiff not

only re-filed the memorandum of an unrelated intervenor from an unrelated case, but he re-filed his entire June 20, 2014, (*see id.* at 3*)* response in opposition without complying with our local rules. *Id*. I reiterate, the attached exhibit is not a document central to or referenced in the complaint, and I may not take judicial notice of it. *See La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). Further, "[f]ailure to file a responsive memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1.

"A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988). I find it unnecessary to reach the constitutional question here. To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In support of Plaintiff's claims under the Driver's Privacy Protection Act (DPPA),18 U.S.C. § 2721 *et seq.,* Plaintiff alleges that Defendant Garrison, without a legitimate law enforcement purpose, used the Driver and Vehicle Information Database (DAVID) to conduct inquiries regarding Plaintiff's information six times on January 5, 2011, and January 6, 2011.

Pursuant to 18 U.S.C.A. § 2724, "A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose

not permitted under this chapter shall be liable to the individual to whom the information pertains[.]"18 U.S.C.A. § 2724. Plaintiff's First Amended Complaint (Doc. 21) clearly alleges that Defendant Garrison obtained Plaintiff's information with no legitimate law enforcement or official purpose. Although Plaintiff alleges that Defendants both intentionally obtained, disclosed, or used his driver's license information without an authorized purpose, and that they each invaded Plaintiff's legally protected interests under DPPA, Plaintiff has failed to allege any facts – other than Defendant Garrison is employed with the Sheriff's office – that suggest Defendant McKeithen violated Plaintiff's interests under the DPPA. A conclusory recitation of the elements of a cause of action is insufficient.  *See Bell Atlantic Corp.*, 550 U.S. at 555.

Accordingly, the relief requested in Defendant McKeithen's Motion to Dismiss First Amended Complaint (Doc. 23) is **GRANTED.**  Count I of Plaintiff's First Amended Complaint as it relates to Defendant McKeithen, only, is **DISMISSED without prejudice**.

**ORDERED** on October 6, 2014.

                                       **/s/ Richard Smoak**
                                       **RICHARD SMOAK**
                                       **UNITED STATES DISTRICT JUDGE**