## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**MATTHEW BARKER,**

     **Plaintiff,**

**v.**                                             **CASE NO.  5:14-cv-102-RS-GRJ**

**BAY COUNTY SHERIFF'S OFFICE, et al.,**

     **Defendants.**

_____/

## ORDER

Before me are the following motions and responses:

1.  Defendant Garrison's Motion for Summary Final Judgment (Doc. 32), and Plaintiff's Objection to the Defendant's, Robert Lee Garrison's, Motion for Summary Judgment (Doc. 34).

2.  Defendant Bay County Sheriff Frank McKeithen's Motion for Summary Judgment (Doc. 33), and Plaintiff's Objection to the Defendant's Motion for Summary Judgment (Doc. 38).

3.  Plaintiff's Motion to Strike Paragraph Four (4) of Defendant's Affidavit in Support of the Defendant's Motion for Summary Judgment (Doc. 35), and Defendant Garrison's Response to Plaintiff's Motion (Doc. 37).

## STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

An issue of fact is material "if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Wright v. Sandestin Investments, LLC,* 914 F. Supp. 2d 1273, 1278 (N.D. Fla. 2012). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## BACKGROUND

I will accept the facts in the light most favorable to the Plaintiff. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1343 n.1 (11th Cir. 2002)). "'All reasonable doubts about the facts should be resolved in favor of the non-movant.'" *Id.* (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368-69 (11th Cir. 1982).

In support of Plaintiff's claims under the Driver's Privacy Protection Act (DPPA),18 U.S.C. § 2721 *et seq.,* and under 42 U.S.C. § 1983, Plaintiff alleges that in the summer of 2012, Plaintiff found in his possessions certain items belonging to Defendant Garrison's wife from when Plaintiff and Ms. Garrison dated nearly ten years earlier. Doc. 32. After Plaintiff shipped the items to Mrs. Garrison, without an explanatory note or a return address, his mother, Ms. Parcell, received a call at her unlisted home phone directing her and Plaintiff to stop contacting Mrs. Garrison. Doc. 26. The call was purportedly made by a local law enforcement officer, but Plaintiff and his mother believe that the caller was Defendant Garrison. *Id.*

Subsequent to receiving the phone call, in August 2013, Plaintiff made a public records request and determined that Defendant Garrison had used the Driver and Vehicle Information Database (DAVID) to conduct inquiries regarding

Plaintiff's information six times on January 5, 2011, and January 6, 2011. Doc. 26. According to Plaintiff, Defendant Garrison had no legitimate law enforcement or official purpose for accessing Plaintiff's or his mother's DAVID information in January 2011. *Id.* As support, Plaintiff claims that neither of them lived in the jurisdiction Defendant Garrison worked as a law enforcement officer. *Id.*

On the contrary, Defendant Garrison alleges that on January 5, 2011, his wife, Rhonda, contacted him while on duty to advise him that she thought she had seen a person that looked like her former boyfriend, Plaintiff Barker. Doc. 32. Then, when she returned home, Mrs. Garrison saw a vehicle that resembled the last vehicle she knew Plaintiff to drive parked across the yard from their home. *Id.* According to Defendant Garrison, his wife was terrified of Plaintiff. *Id.* Therefore, she asked him to contact the deputy, who was on duty in the zone in which they resided, to make a check of the neighborhood. *Id.*

Defendant Garrison believed that Plaintiff Barker was stalking or otherwise engaging in threatening behavior toward Mrs. Garrison, so Defendant Garrison conducted an inquiry of the DAVID system on January 5, 201,1 to ascertain Plaintiff's physical description and the type of vehicle he drove. *Id.* According to Defendant Garrison, he communicated the information obtained to the deputy on duty in the zone where the Garrisons lived and asked that he check the area. *Id.* He repeated the DAVID inquiry the following morning, January 6, 2011, to confirm

the information so it could be provided to the zone deputy for the following shift to check the area as well. *Id.* Although the checks were completed, the presence of the Plaintiff was never confirmed. *Id.*

## ANALYSIS

### I.     *Motion to Strike*

In Plaintiff's Motion to Strike (Doc. 35), Plaintiff requests that I strike paragraph four of Defendant's affidavit. A motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).  It is well established that motions to strike are usually denied unless the allegation has "no possible relation to the controversy and may cause prejudice to one of the parties." *Falzarano v. Retail Brand Alliance, Inc*, No. 07-81069-CIV, 2008 WL 899257 *1 (S.D. Fla. Mar. 31, 2008) (*citing Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Hutchings v. Federal Ins. Co.*, 2008 WL 4186994 *2 (M.D. Fla. 2008).  In this case, there is no prejudice by allowing the affidavit in its entirety to remain on the record. Therefore, the relief requested in Plaintiff's Motion to Strike (Doc. 35) is denied.

### II.     *Counts I and II Against Defendant Garrison*

In Defendant Garrison's Motion for Summary Judgment (Doc. 32), Defendant Garrison argues that he is entitled to qualified immunity, that the actions taken by him were taken in furtherance of a legitimate law enforcement function and were therefore permissible under the DPPA, and that Plaintiff's constitutional claim fails because the Plaintiff has no reasonable expectation of privacy under the Fourth Amendment in personal information protected by the DPPA.

Plaintiff alleges in Count I of his Second Amended Complaint that Defendant Garrison violated the DPPA when he accessed Plaintiff s personal information on the DAVID system on January 5, 2011, and January 6, 2011. The DPPA was enacted to "limit the release of an individual's personal information contained in his driver's license record to those who had a legitimate and lawful need for the information." *Kehoe v. Fidelitv Federal Bank & Trust*, 421F.3d 1209,1210 (11th Cir. 2005). Accordingly, the DPPA makes it unlawful for any person "knowingly, to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under 18 U.S.C. §2721(b)." l8 U.S.C. § 2722(a). The DPPA creates an individual cause of action against an individual who knowingly obtains, discloses or uses personal information from a motor vehicle record for a purpose not permitted under 18 U.S.C. §§2721 et.seq. It is undisputed that Defendant Garrison accessed Plaintiff's personal information as defined in the Act. *See* Doc. 32.

Defendant Garrison alleges that he accessed the information for a use permitted under the DPPA. *Id.* Defendant Garrison contends that that his actions were permitted by 18 U.S.C. §2721(b)(1), which permits disclosure of personal information for use by any government agency, including any court or law enforcement agency in carrying out its functions. 18 U.S.C. §2721(b)(1). He alleges that he accessed the information to obtain a description of Plaintiff and Plaintiff's vehicle to give to the law enforcement officer in the zone. Doc. 32. Plaintiff, however, alleges that Defendant Garrison did not access the information for a permitted use.

"It is a hornbook principle that it is not proper for a district court to assess witness credibility" when considering a motion for summary judgment. *Allen-Sherrod v. Henry Cnty. Sch. Dist.*, 248 F. App'x 145, 147 (11th Cir. 2007).  The crux of Plaintiff's opposition to Defendant's dispositive motion is Defendant's versions of the facts are untrue.  Doc. 34.  Just as I cannot assess whether Defendant Garrison's affidavit testimony is credible, I cannot assess whether his testimony is incredible. Instead, I can only consider all the evidence before me and determine if there are any factual disputes. Plaintiff has not provided any evidence, besides a general allegation that Defendant is lying, that Defendant's version of the facts are in dispute.

Within the Eleventh Circuit, the burden of proof lies with the plaintiff to show that the defendant obtained his personal information "for a purpose not permitted under the Act." *Thomas v. Georqe. Hartz. Lundeen. Fulmer. Johnstone. King and Stevens. P.A.*, 525 F.3d 1107, 1112 (11th Cir. 2008). Plaintiff alleges that Defendant Garrison's claims that he accessed the information for a permitted use are implausible, and that Defendant Garrison "simply fails to give any manner of credible information and/or explanation as to being immersed/involved in a legitimate law enforcement purpose pertaining to accessing" the DAVID system. Doc. 34. However, Plaintiff has not presented any evidence that Defendant Garrison's claims are unfounded. Nor has Plaintiff provided an alternative explanation. Therefore, as to Count I, Defendant Garrison is entitled to summary judgment.

In Count II of his Second Amended Complaint, Plaintiff alleges that by accessing his personal information in the DAVID system, Defendant Garrison violated his constitutional right to privacy in addition to his rights protected by the DPPA. Doc. 26. Plaintiff 's claim that his right to privacy under the Fourth Amendment was violated fails as a matter of law because the Eleventh Circuit has held that there is no constitutional right to privacy in information protected by the DPPA. *Collier v. Dickinson*, 477 F.3d 1305, 1308 (1lth Cir. 2007). Additionally, as stated above, Plaintiff has presented no evidence to suggest that Defendant

Garrison violated the DPPA when he accessed Plaintiff's personal information while on duty in response to a complaint. Therefore, Plaintiff's section 1983 claim fails, and Defendant Garrison is entitled to judgment as a matter of law.

III.    *Counts I and III Against Defendant Bay County Sheriff Frank McKeithen*

"Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  Accordingly, if there is no constitutional violation committed by the subordinates, there is no liability for the supervisor.

As analyzed above, there was no Fourth Amendment violation committed by Defendant Garrison, and there was no DPPA violation committed by Defendant Garrison. Without some underlying violation, there is nothing for which Sheriff McKeithen to be liable as supervisor.  Accordingly, Defendant McKeithen is entitled to judgment as a matter of law.

## CONCLUSION

Therefore, the relief requested in Defendant Garrison's Motion for Summary Final Judgment (Doc. 32), and Defendant Bay County Sheriff Frank McKeithen's Motion for Summary Judgment (Doc. 33) is **GRANTED**. Additionally, the relief requested in Plaintiff's Motion to Strike Paragraph Four (4) of Defendant's

Affidavit in Support of the Defendant's Motion for Summary Judgment (Doc. 35)

is **DENIED**.

**ORDERED** on January 22, 2015.

                         **/s/ Richard Smoak**
                         **RICHARD SMOAK**
                         **UNITED STATES DISTRICT JUDGE**